IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN VASQUEZ, | ) |
|         Plaintiff, | ) |
| | ) |
|     v. | ) |
| | ) |
| HUNTER WARFIELD, INC., | ) |
|         Defendant. | ) |

**COMPLAINT AT LAW**

Plaintiff, Melvin Vasquez ("Melvin"), through his undersigned attorneys, Law Offices of Brendan R. Appel, complains of Defendant, Hunter Warfield, Inc. ("Hunter"), as follows:

**Federal Jurisdiction and Venue**

1. This action arises under 15 U.S.C. §1692 ("Fair Debt Collection Practices Act") and 28 U.S.C. §1367.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b)(1), 28 U.S.C. §1391(b)(2) and/or 28 U.S.C. §1391(b)(3).

**The Parties**

3. Melvin is a resident of the Village of Wheeling, County of Cook, State of Illinois.

4. Hunter is a debt collector as defined by 15 U.S.C. 1692(a)(6). It is registered to conduct business in Illinois under license number 017020840 that expires on 05/31/2021 and is a foreign corporation registered in Illinois under file number 64033697 – and therefore is a resident of Illinois pursuant to 28 U.S.C. §1391(c)(2).

**Facts Common to All Counts**

5. On or about April 5, 2018, Melvin received a collection notice ("Notice"), dated March 31, 2018, from Hunter, which stated that a debt in the amount of $5,402.64 had been referred for collection from "MACARTHUR PLACE AT 183." The Notice, in pertinent part,

1

demanded payment in full of the debt and stated that "a negative credit report reflecting on your credit record *may be submitted* to a credit reporting agency *if you fail* to fulfill the terms of your credit obligations." (Emphasis added.)

6. On April 17, 2018, Melvin's counsel sent a cease and desist letter ("Letter") by U.S. Certified Mail stating: a) that the entirety of the debt is disputed; b) Hunter is attempting to collect from the wrong person because the debt originated in Texas and Melvin never lived in Texas; c) this was a case of "debt tagging"; d) Hunter must cease and desist all collection efforts; and e) to verify the debt and perform an investigation into the true identity and address of the actual debtor. The Letter was received by Hunter on April 23, 2018.

7. On or about April 24, 2018, within one (1) day of receipt of the Letter, Hunter sent a verification of debt ("Verification") to Melvin which enclosed the following:

    A. An Apartment Lease Contract ("Contract") containing the following:

        a. Agreement date of November 28, 2015;

        b. For rental of the apartment located at 2422 N. Macarthur Blvd Apt 2236 in Irving, Texas 75062;

        c. Made between the owner MacArthur Place at 183 ("MacArthur") and residents Erick Rodriguez and Melvin Vasquez;

        d. A term end date of November 30, 2016,

        e. A printed signature from Melvin Vasquez; and

        f. No signature from the owner MacArthur.

    B. A final account statement dated November 8, 2017 containing the following:

        a. Lease Information

            i. Notice given 10/17/2017

        ii. Lease Expires 2/28/2018

       iii. Move-out 10/17/2017

       iv. Move-out reason – Skipped during eviction process

  b. Ledger Account at move-out balance – $4,436.12

        i. Attorney or Legal Charges – $176.00

       ii. Billing fee for 6/21/2017 – 7/17/2017 – $4.00

      iii. Early termination fee – $637.50

      iv. Gas 8/16/2017 – 10/17/2017 – $1.89

       v. Gas for 6/16/2017 – 7/14/2017 – $33.70

      vi. Gas for 7/14/2017 – 8/15/2017 – $1.03

     vii. Insufficient notice fee – $1,500.00

    viii. Late charges – $480.00

      ix. Pest Control fees 8/15/2017 – 10/17/2017 - $3.00

       x. Pest Control fees 6/21/2017 – 7/17/2017 - $3.00

      xi. Pest Control fees 7/17/2017 – 8/14/2017 - $3.00

     xii. Residential Rent – $1,161.29

    xiii. Trash 8/15/2017 – 10/17/2017 – $21.76

    xiv. Trash for 6/21/2017 – 7/17/2017 – $10.00

     xv. Trash for 7/17/2017 – 8/14/2017 – $10.00

    xvi. Water 8/15/2017 – 10/17/2017 – $215.68

   xvii. Water for 6/21/2017 – 7/17/2017 – $76.40

  xviii. Water for 7/17/2017 – 8/14/2017 – $97.87

  c. Additional charges/credits/payments after move-out – $1,416.52

      i.  Carpet – $295.00

      ii.  Heavy clean – $125.00

      iii.  Paint kitchen cabinets – $95.00

      iv.  Patio glass broken – $401.52

      v.  Smoke damages kiltz – $250.00

      vi.  Trash Removal Charge – Vasquez – $250.00

8.    The Verification stated, in pertinent part, that "[b]ecause of interest at the rate of 6.00%, late fees, or other charges that may vary from day to day, the amount due on the day you pay may be greater."

9.    The Verification further stated, in pertinent part, that "[i]f this debt is not resolved, *it may be reported* to one or more . . . national credit reporting agencies . . ."

10.    Hunter made monthly negative credit reports to Experian (a credit reporting agency), despite Melvin's Letter, and without giving Melvin the opportunity to resolve the debt.

11.    Prior to the negative credit reports with Experian, Melvin maintained an excellent credit history.

12.    Melvin was unaware of any harm to his credit because a) he relied on the Notice and Verification, both of which stated a negative report may only be submitted to a credit reporting agency if he failed to fulfill the terms of his credit obligations or to pay the debt; and/or b) he sent a cease and desist letter to Hunter disputing the debt as it relates to him and believed that further attempts to collect the alleged debt would not be made.

13.    On or about February 26, 2019, Melvin applied for a home loan in Illinois but was informed that he had a derogatory account from Hunter Warfield on his Experian credit record

showing a past due amount of approximately $5,658 – higher than the amount stated in the Notice and Verification.

14. Melvin has never lived in Texas.

15. Melvin has never been evicted in Texas.

16. Melvin has never been a party to any agreement with MacArthur.

17. Melvin has a different signature than the one that appears on the Contract's signature line.

18. Melvin has a different birthdate than the one accidentally written and crossed out on the Contract's signature line.

19. Melvin was issued a driver's license in Illinois.

20. Melvin was issued a social security number.

21. Upon information and belief, the actual debtor continues to live at the same address as stated in the Contract, he has not been issued a driver's license, and he has not been issued a social security number.[1]

22. Upon information and belief, Hunter continues to update or make monthly negative credit reports to Melvin's credit record with Experian.

23. Upon information and belief, Hunter has not removed or attempted to remove its derogatory account from Melvin's credit record with Experian.

**Count I**
**Violation of 15 U.S.C. §1692(g)**

24. Melvin restates and realleges paragraphs 1-23 of the Facts Common to All Counts above as though fully set forth herein.

---

[1] See Case No. DC-19-00294 filed in The District Court M-298th Judicial District of Dallas County, Texas.

25. Hunter's Verification and enclosed documents failed to validate or verify the debt by not providing, or in the alternative, by withholding, the following items:

    A. An assignment of the alleged debt allowing Hunter to collect on behalf of MacArthur;

    B. An agreement from MacArthur that memorialized the extension of the term of the original lease to cover the dates of all alleged debts;

    C. Any document(s) that confirm the identity of the Plaintiff in this matter as being the alleged debtor (i.e. driver's license, passport, etc.);

    D. Any document(s) memorializing the notice given on 10/17/2017 to move out;

    E. Any judgment authorizing an eviction;

    F. Any agreement(s) authorizing the collection of the alleged attorney/legal charges, billing fees, gas fees, pest control fees, trash fees, water fees, carpet fees, heavy clean fees, paint kitchen cabinets fees, patio glass broken fees, smoke damages kiltz fees, and trash removal charge fees;

    G. All documents, including monthly statements, showing the calculation of the alleged charges, fees, and credits.

26. By making negative credit reports to Experian regarding the alleged debt after sending the Notice but prior to sending the Verification, Hunter performed collection activities in violation of Section §1692(g)(a).

27. By making negative credit reports to Experian regarding the alleged debt after sending the Verification and having received the cease and desist, Hunter performed collection activities in violation of Section §1692(g)(b).

28. By making negative credit reports to Experian regarding the alleged debt despite Melvin's Letter disputing the legitimacy of the alleged debt, Hunter performed collection activities in violation of Section §1692(g)(b).

29. Hunter knew or should have known of the falsity of the information provided to it by MacArthur.

30. Hunter knew or should have known of the falsity of the information it reported to Experian.

31. Hunter was on notice of the falsity of the identity of the alleged debtor when it reported and/or continued to report false information to Experian.

32. Due to the negative credit reporting to Experian by Hunter, Melvin suffered actual damages which caused him to be denied credit and/or to pay additional interest based on higher lending rates.

Wherefore, Plaintiff Melvin Vasquez, prays that this Honorable Court:

A. Find that the Defendant, Hunter Warfield, Inc., violated 15 U.S.C. §1692(g)(a) and/or 15 U.S.C. §1692(g)(b);

B. Award Melvin all actual damages suffered by him due to Defendant's violation(s) of 15 U.S.C. §1692(g)(a) and/or 15 U.S.C. §1692(g)(b);

C. Award Melvin such additional damages as allowed up to $1,000.00 per each violation of 15 U.S.C. §1692(g)(a) and/or 15 U.S.C. §1692(g)(b);

D. Award Melvin the costs of this action, together with a reasonable attorney's fee; and

E. Any and all other relief this Honorable Court deems equitable and just.

## Count II
### Violation of 15 U.S.C. §1692(e)

33. Melvin restates and realleges paragraphs 1-23 of the Facts Common to All Counts above as though fully set forth herein.

34. The amounts in Paragraph 8 above, individually and together, are false, deceptive, or misleading representations of the character, amount, or legal status of the debt alleged by Hunter.

35. Each amount reported to Experian is a false, deceptive, or misleading representation of the character, amount, or legal status of the debt alleged by Hunter.

36. Hunter's false representation of the character of each alleged debt above is a violation of 15 U.S.C. §1692(e)(2)(a).

37. Hunter's false representation of the amount of each alleged debt above is a violation of 15 U.S.C. §1692(e)(2)(a).

38. Hunter's false representations made in order to collect or attempt to collect each alleged debt above is a violation of 15 U.S.C. §1692(e)(10).

39. Hunter knew or should have known of the falsity of the information provided to it by MacArthur.

40. Hunter knew or should have known of the falsity of the information provided to Experian.

41. Hunter was on notice of the falsity of the identity of the alleged debtor when it provided or continued to provide false reporting to Experian.

42. Due to Hunter's false representations of the alleged debt that were made to Experian, Melvin suffered actual damages which caused him to be denied credit and/or to pay additional interest based on higher lending rates.

Wherefore, Plaintiff Melvin Vasquez, prays that this Honorable Court:

    A. Find that the Defendant, Hunter Warfield, Inc., violated 15 U.S.C. §1692(e)(2)(a) by falsely representing the character of each alleged debt;

B. Find that the Defendant, Hunter Warfield, Inc., violated 15 U.S.C. §1692(e)(2)(a) by falsely representing the amount of each alleged debt;

C. Find that the Defendant, Hunter Warfield, Inc., violated 15 U.S.C. §1692(e)(2)(a) by falsely representing to Experian each monthly amount owed;

D. Find that the Defendant, Hunter Warfield, Inc., violated 15 U.S.C. §1692(e)(10) by using false representations or deceptive means to collect or attempt to collect each alleged debt;

E. Award Melvin all actual damages suffered by him due to each of Defendant's violations of 15 U.S.C. §1692(e)(2)(a);

F. Award Melvin all actual damages suffered by him due to each of Defendant's violations of 15 U.S.C. §1692(e)(10);

G. Award Melvin such additional damages as allowed up to $1,000.00 per each violation of 15 U.S.C. §1692(e)(2)(a) and/or §1692(e)(10);

H. Award Melvin the costs of this action, together with a reasonable attorney's fee; and

I. Any and all other relief this Honorable Court deems equitable and just.

### Count III
### Violation of 15 U.S.C. §1692(f)

43. Melvin restates and realleges paragraphs 1-23 of the Facts Common to All Counts above as though fully set forth herein.

44. The collection of each alleged debt in Paragraph 8 above, including any interest, fee, charge, or expense, was not expressly authorized by any agreement creating the debt or permitted by law and therefore violated 15 U.S.C. §1692(f).

45. The collection of interest in Paragraph 9 above was not expressly authorized by any agreement creating the debt or permitted by law and therefore violated 15 U.S.C. §1692(f).

46. Hunter knew or should have known that the alleged debts provided to it by MacArthur were not expressly authorized by any agreement creating the debt or permitted by law.

9

47. Hunter knew or should have known that the alleged debts reported to Experian were not expressly authorized by any agreement creating the debt or permitted by law.

48. Hunter was on notice that it was not expressly authorized by any agreement or permitted by law to provide false reports of the alleged debts to Experian.

49. Due to Hunter's collecting or attempting to collect without being expressly authorized by any agreement creating the debt or permitted by law, including the negative credit reporting by Hunter to Experian, Melvin suffered actual damages which caused him to be denied credit and/or to pay additional interest based on higher lending rates.

Wherefore, Plaintiff Melvin Vasquez, prays that this Honorable Court:

A. Find that the Defendant, Hunter Warfield, Inc., violated 15 U.S.C. §1692(f);

B. Award Melvin all actual damages suffered by him due to each of Defendant's violations of 15 U.S.C. §1692(f);

C. Award Melvin such additional damages as allowed up to $1,000.00 per each violation of 15 U.S.C. §1692(f);

D. Award Melvin the costs of this action, together with a reasonable attorney's fee; and

E. Any and all other relief this Honorable Court deems equitable and just.

### Count IV
### Intentional Infliction of Emotional Distress

50. Melvin restates and realleges paragraphs 1-23 of the Facts Common to All Counts above as though fully set forth herein.

51. Hunter's monthly negative credit reports or updates to Experian, despite being in receipt of Melvin's Letter, was extreme and outrageous conduct.

52. Hunter intended for its monthly negative credit reports to Experian to inflict severe emotional distress on Melvin in order to cause him to pay off the entire alleged debt.

53. In the alternative, Hunter knew that there was a high probability that its monthly negative credit reports to Experian would cause severe emotional distress to Melvin that would cause him to pay off the entire alleged debt.

54. Hunter's conduct caused severe emotional distress to Melvin when he tried to obtain a home loan but was informed that his credit history showed a derogatory account that could impact his ability to borrow and/or the amount of additional interest he would need to pay.

Wherefore, Plaintiff Melvin Vasquez, prays that this Honorable Court:

A. Find that the conduct of the Defendant, Hunter Warfield, Inc., was extreme and outrageous, intended to cause severe emotional distress, and did cause Melvin severe emotional distress;

B. Award Melvin actual damages from Defendant due to its conduct;

C. Award Melvin punitive damages from Defendant due to its conduct in the amount of $25,000.00;

D. Award Melvin the costs of this action, together with a reasonable attorney's fee; and

E. Any and all other relief this Honorable Court deems equitable and just.

Dated: April 1, 2019

Respectfully Submitted,
**MELVIN VASQUEZ**

By: /s/ Brendan R. Appel
One of His Attorneys

Brendan R. Appel, ARDC: 6271877
Law Offices of Brendan R. Appel, LLC
191 Waukegan Road, Suite 360
Northfield, IL 60093
(847) 730-4224
(847) 730-4114 (facsimile)
bappel@balegal.com

*Counsel for Plaintiff*